Labauve, J.
The accused was found guilty of larceny, and Ms counsel filed a motion in arrest of judgment, which was sustained by the Court. The State appealed.
The defendant moves to dismiss the appeal, for the following reasons:
“1. The right of the State to appeal is limited to the class of cases found in the precedents, to wit: those where the iudictment has been quashed before a trial, or held bad upon a demurrer, and cannot be extended to cases in which trial has been had and verdict rendered.
“2. The District Attorney filed an information against defendant on the 10th April, 1867, directly after the Court had arrested the judgment in this cause, thereby waiving any right of appeal the State might have had; and afterwards, to wit: on the 16th of April, 1867, applied and obtained an order of appeal, without dismissing said information against defendant, whilst, at the same time he attempts to procure this appeal, contrary to law”
It must be admitted that in a case like this, punishable with hard labor, an appeal lies to this Court upon questions of law alone. Con. 1864, g 70. Rev. Stat. p. 188, $28.
The Constitution, in giving appellate jurisdiction to this tribunal upon questions of law in certain criminal cases, does not confine our power to the examination of questions arising before or after verdict; nor does it limit the right of. appeal to either party. We connot, therefore, draw a distinction, when the law makes none. Ubi lex non dislinguil, nee nos distinguere debemus. It is granted that if the motion had been made and sustained before verdict, the State could have appealed; (14 A. 364) but it is contended that after verdict, it would put the accused in jeopardy of Ms life or limb, more than once for the same offence. It is not so. A party who has been tried and convicted on a bad indictment, has not been in jeopardy, for the judgment mustbe arrested on motion, and the accused may be proceeded against on a new indictment. 8 R. 583. 3 A. 715. 16 A.' 400. 11. A. 648.
As to the second ground, that the appeal has been waived by filing an information directly after the Court had arrested the judgment, it is not tenable in law. The question before us is simply, whether or not the Court erred in sustaining the motion; no subsequent matters in another prosecution can be considered. 3 R. 131.
The motion to dismiss is overruled.
The motion in arrest of judgment ^e^ds thus:
*49 “ 1. There is no crime punishable by the laws of this State charged in the indictment. The words ‘ greenbacks ’ alleged to be the ‘ lawful money of the United States,’ not being an issue of said government, •either as bills, notes, bonds or securities, which might be the subject of larceny under the laws of this State.
“2. That the indictment does not contain any averment, that accused stole any bond, bill, obligation, security, bank-note, treasury note, or gold or silver coin issued by the United States, which, as the lawful money of the United States, might become the subject of larceny, and the general averment of ‘lawful money of the United States,’ in itself does not contain the subject of larceny; and unless the species or one of the species of the thing subject of larceny be inserted and alleged, there can be no judgment.
“3. There is no general averment, both as ‘ to the value,’ and the thing as required by the State.
“4. That the indictment alleges that the ‘ greenbacks ’ stolen were of the goods and chattels of T. O. Standifer & Co.; it does not allege that they were the property óf said parties, and as such, ‘greenbacks,’ if known to the law at all, are only choses in action, and are not goods and chattels, within the meaning of the criminal law.”
The defendant is accused under section 26, Revised Statutes, page 138, reading thus:
“The robbery or larceny of bank-notes, obligations or bonds, bills, obligatory, or bills of exchange, promissory notes for the payment of money, or notes for the payment of any specific property, paper, bills of credit, certificates granted by or under the authority of this State, or of the United States, or any of them, shall be punished in the same manner as robbery or larceny of goods and chattels.”
The indictment charges the defendant with larceny of “goods and lawful money of the United States (‘commonly called greenbacks,’) of the value of twenty-four dollars and twenty-five cents, ‘ of the goods and chattels of, ’ ” etc.
The first question presented is, whether or not the defects alleged to exist in the indictment are matters of form or of substance.
We are of opinion that they are of the latter kind, and not of the former. The defendant is accused of a statutory offence; in such a case, the indictment should describe the crime in the words of the statute, or in words certain and equivalent, going to show on the face of the indictment that the offence has been committed, and is punishable under the law. If this has not been done, the indictment is not good, and cannot support ■conviction and sentence, for the simple reason that no crime known to tho law has been committed.
The defendant is accused of having stolen “ goods and lawful money of the United States (‘commonly called greenbacks,’) of the value of twenty-four dollars and twenty-five cents,” etc.
No such effects or notes as greenbctdcs, are known in law; but treasury notes of the United States are recognized by the laws of Congress. 5 4. 326. 10 A. 191-207. 11 A. 648.
*50 For the reasons above assigned, we are of opinion that the District Court properly sustained the motion.
It is therefore ordered and decreed, that the judgment appealed from be affirmed, without prejudice to the State, to a further prosecution under a valid indictment or information. 11 A. 648.